LEMMON, Judge.
Plaintiff filed suit against Ira Williams, an executive officer of the corporation which employed plaintiff as a steel worker, for damages resulting from injuries sustained on a construction project. After a trial on the merits judgment was rendered dismissing the suit, and plaintiff appealed.
Defendant Williams and his wife owned virtually all of the corporate stock, and he admitted he was “totally in charge” of the operation of the business. For one of the company projects Williams had ordered a shipment of steel reinforcing rods, which was to be delivered by truck. He visited the job site on the morning of the scheduled delivery, but left before the truck arrived. Williams had attempted to rent a crane for the purpose of unloading the truck, but was unable to secure one from his usual source, and he therefore instructed Gerald Cooley, the foreman on the job, to unload the truck by hand.
When the flatbed truck arrived, the steel was in bundles of various sizes, and the rods in each bundle were not necessarily of uniform length. Cooley and another employee placed “4-bys” (pieces of wood four-by-four inches square) against the side of the truck, intending to use pry bars to roll the bundles off the side of the truck, one at a time. The purpose of the 4-bys was to make the bundles fall away from the truck.
*119 After Cooley and the other employee climbed onto the bed of the truck, one of the 4-bys fell. Plaintiff, who was on the ground performing other tasks at the job site, came over and realigned the 4-by. As plaintiff was walking away, the men on the truck began to roll a bundle of rods about 20 feet long off the side, and they then noticed for the first time that this bundle contained several rods about forty feet long that would strike plaintiff when the bundle fell off the truck. Unable to stop the rolling bundle, Cooley yelled a warning. Plaintiff began to run, but one of the longer rods “whipped around” and struck him in the head.
Plaintiff contends that defendant Williams was under a duty to utilize a method of unloading which was not unreasonably unsafe and that his failure to obtain a crane or to delegate that responsibility to his foreman caused this accident. However, while the evidence perhaps established that the accident would not have happened as it did if the unloading had been done by crane (since the movement of the crane probably could have been stopped when the workers noticed the longer rods extending from the bundle), the evidence fails to establish that the method of unloading by hand is unreasonably dangerous. Indeed, the only evidence is to the contrary.
Defendant Williams testified that unload-'-ing bundles of steel rods from a truck by hand is the general method for handling small or medium loads (the 12-ton load in this case being classified as a small load) and that a crane was generally used only for large loads and in “close” situations in which it was necessary to place bundles accurately for convenience of use. He further stated that unloading by crane was usually more economical, but that the risks of danger were at least equally as great as when the unloading was done by hand, noting that bundles unloaded by crane often move suddenly or swing around. There was absolutely no other evidence as to the safeness or unsafeness of either method of unloading.
Plaintiff correctly argues that the fact a certain method of procedure is generally used does not prove that the method is safe or reasonable. However, it was not defendant Williams’ burden to prove that unloading steel by hand is safe; rather, plaintiff had the burden to prove this method was unsafe.
The handling of bundles of steel obviously involves risks of injury, but the method of unloading the bundles by hand was not obviously unsafe. Moreover, no expert testimony or other evidence was offered to establish the method was unsafe. We conclude plaintiff simply failed to prove that Williams breached any duty to plaintiff by failing to provide a crane. Indeed, all of the evidence indicates that the accident occurred because the employees set the bundle of steel in motion before noticing there were rods in the bundle long enough to hit plaintiff and that the accident would not have happened if the employees, in the exercise of due care, had noticed the longer rods earlier and refrained from moving the bundle until plaintiff was completely out of danger.
The judgment is affirmed.

AFFIRMED.

GARRISON, J., dissents and assigns reasons.